M. KIRBY C. WILCOX (State Bar No. 78576)
SAIDAH M. GRAYSON (State Bar No. 221713)
MICHAEL M. PFYL (State Bar No. 240925)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, Suite 2400
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
kirbywilcox@paulhastings.com
sanaswe@paulhastings.com
saidahgrayson@paulhastings.com
michaelpfyl@paulhastings.com

Attorneys for Defendant,
UNITED PARCEL SERVICE, INC.

JILL P. TELFER (State Bar No. 145450)
LAW OFFICES OF JILL P. TELFER
331 J Street, Suite 200
Sacramento, CA  95814
Telephone: (916) 446-1916
Facsimile: (916) 446-1726
jilltelfer@yahoo.com

Attorney for Plaintiff
CHARLES TIMMONS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TIMMONS,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., Does 1 through 20 inclusive,<br><br>        Defendants. | CASE NO. 2:05-CV-02175-MCE-PAN (JFM)<br><br>**CONFIDENTIALITY STIPULATION AND ORDER** |

## STIPULATION

Plaintiff, Charles Timmons and Defendant, United Parcel Service, Inc., (collectively the "Parties"), acting through their counsel of record, hereby stipulate as follows:

1. The Parties are exchanging information and conducting discovery from each other and from non-parties, including the production of documents, preparation of written discovery responses, and the taking of testimony by oral deposition.

2. Certain information to be produced reveals or reflects financial or other confidential, commercially sensitive, or proprietary information of the Parties or non-parties to this action.

3. The Parties believe that disclosure of such information could cause harm to or invade the privacy of one or more of the Parties or to non-parties.

4. The Parties are interested in permitting the exchange of information and discovery to proceed without delay occasioned by possible disputes regarding the confidential, commercially sensitive, proprietary or private nature of information produced and seek to limit disclosure of such information to this proceeding.

5. Any and all documents, materials, testimony or other information produced by or obtained from any of the Parties or from non-parties in the course of this action, whether given voluntarily or produced in response to or during discovery of this action, as well as any pleadings, discovery responses, briefs or other writings that reveal, reflect or otherwise refer to any of the documents, materials, testimony or other information referred to above, will be subject to this stipulation as adopted by the Court as a protective order if designated by any Party or non-party as "CONFIDENTIAL" in the manner provided in paragraph 7 below ("Protected Information").

6. No person, whether or not a Party, to whom Protected Information has been disclosed, in accordance with this stipulation or otherwise, may use or disclose any Protected Information for any purpose other than the litigation of this action, including any appeal, and may not use it or in any manner inconsistent with the terms of this stipulation.

///

7. If it appears in the form of a document (whether tangible or electronic), Protected Information will be marked "CONFIDENTIAL" with a stamp or other indicator that is clearly readable. The inadvertent omission of such a mark or indicator may be corrected within ninety (90) days by written notification to all counsel of record. Deposition testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given, or may be marked as "Confidential" within sixty (60) days of receipt of the transcript by written notification to all counsel of record.

8. Protected Information will be stored under the direct control of counsel of the Parties, who will be responsible for preventing any disclosure of the Protected Information except in accordance with the terms of this stipulation.

9. Protected Information may not be disclosed by the non-producing Party or a non-party to anyone except:

   a. the Court, its employees, court reporters, and the jury;
   b. outside or in-house counsel and the legal staff and employees of such counsel who are working on this action;
   c. the Parties, officers, directors, and employees of any of the Parties who are assisting counsel in the prosecution or defense of this Action;
   d. independent experts, witnesses or consultants and their employees retained by any of the Parties who are assisting in the prosecution or defense of this action; and
   e. non-party witnesses in preparation for, and in the course of, depositions or interviews, or at trial, if, in the reasonable and good-faith opinion of the Parties' counsel, examination with respect to such information is necessary for legitimate discovery or trial purposes.

10. No Protected Information or any information derived from Protected Information will be filed with, submitted to, or otherwise disclosed to the Court in this action or in any appeal arising from this action except as provided in this stipulation. Should any Party intend to submit or otherwise disclose to the Court Protected Information or any information derived from

1  Protected Information, he or it will notify all other Parties at least forty-five (45) days prior to
2  such submission to allow the Parties to meet and confer regarding the submission or disclosure
3  and to allow any Party the opportunity to file a motion asking that the Court order that the
4  Protected Information be filed under seal.

5  11.  Prior to disclosure of Protected Information to any person within categories 9(d) or
6  9(e), such person will agree in advance to be bound by this stipulation by signing a copy of the
7  attached Certification.  Counsel for the relevant Party will keep the original of each executed
8  Certification and make it available for review and copying by any other Party upon demand.

9  12.  This stipulation will be without prejudice to the right of the Party or non-party
10  producing Protected Information to seek from the Court additional protection for any Protected
11  Information and of a party requesting Protected Information to seek from the Court more limited
12  protection.

13  13.  The designation of Protected Information as "Confidential" pursuant to this
14  stipulation will not be construed as a concession by the designating party that such information is
15  relevant, material, or admissible as to any issue.  Nothing in this stipulation will be construed as
16  waiving any objection to the production of evidence or to discovery requests, nor will this
17  stipulation be construed to require the production of any particular testimony, documents,
18  evidence, or other information.

19  14.  Nothing in this stipulation will in any way limit the uses that a party producing
20  Protected Information or a party requesting Protected Information may make of information or
21  documents independently obtained.

22  15.  This stipulation will remain in full force and effect until modified, superseded or
23  terminated by further order of this Court, and will survive the termination of this action, provided,
24  however, that this stipulation may be amended by further stipulation between the Parties or by
25  order of the Court after a regularly noticed motion.

26  16.  Except as otherwise agreed to in writing by the Party producing Protected
27  Information, at the conclusion of this action and any appeals arising from the action, whether this
28  action is settled or otherwise resolved in full prior to trial, or tried on the merits, all Protected

Information and all copies or derivations of Protected Information will be promptly returned to the Party or non-party producing the Protected Information or destroyed.

DATED: May 25, 2006

M. KIRBY C. WILCOX
SAIDAH M. GRAYSON
MICHAEL M. PFYL
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Michael M. Pfyl
_____
MICHAEL M. PFYL

Attorneys for Defendant,
UNITED PARCEL SERVICE, INC.

DATED: May 28, 2006

LAW OFFICES OF JILL P. TELFER

By: /s/ Jill P. Telfer
_____
JILL P. TELFER

Attorney for Plaintiff,
CHARLES TIMMONS

**ORDER**

Based on the stipulation of the parties, and good cause appearing therefor,

The parties' stipulation is hereby adopted as the order of the Court.

DATED: June 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

CASE NO. 2:05-CV-02175-MCE-PAN (JFM)

4.

CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER

LEGAL_US_W # 53640745.1

# **CERTIFICATION**

I hereby certify my understanding that Protected Information is being provided to me pursuant to the terms and restrictions of the order entered by the Court on _____ in *Charles Timmons v. United Parcel Service, Inc.*, U.S.D.C., E.D.CA Case No. 2:05-CV-02175-MCE-PAN (JFM), adopting the parties' confidentiality stipulation. I have been given a copy of the stipulation and read it. I agree to be bound by the stipulation. I will not reveal the Protected Information to anyone, except as allowed by the stipulation. I will maintain all such Protected Information—including copies, notes, or other transcriptions made from the Protected Information—in a secure manner to prevent unauthorized access to it. Not later than thirty (30) days after the conclusion of this action, I will return the Protected Information—including copies, notes, or other transcriptions made from the Protected Information—to the counsel who provided me with the Protected Information. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the stipulation.

Dated: _____      _____
                                  [Sign name]

                                  _____
                                  [Print name]