IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES TIMMONS,

    Plaintiff,                                 No. CIV S-05-2175 MCE EFB

    vs.

UNITED PARCEL SERVICE, INC.,

    Defendant.                              <u>ORDER</u>

_____/

       On September 23, 2009, the court heard plaintiff's motion to compel defendant's further responses to plaintiff's Request for Production, Set Three, Dckt. No. 88, and plaintiff's motion to compel production/designation of the person most knowledgeable regarding vacant positions within defendant organization in California from October 12, 2004 and October 12, 2006, Dckt. No. 89. Attorney Jill Telfer appeared on behalf of plaintiff and attorney Jeffrey Michalowski appeared on behalf of defendant.

       For the reasons stated on the record and with the limitations stated on the record, plaintiff's motion to compel responses to plaintiff's Request for Production, Set Three, Dckt. No. 88, is granted in part and denied in part. Defendant shall produce the responsive documents

////

////

1

and/or privilege logs, as stated on the record, on or before October 2, 2009.[1]

Additionally, for the reasons stated on the record, plaintiff's motion to compel production/designation of the person most knowledgeable, Dckt. No. 89, is granted. Defendant shall designate the person(s) most knowledgeable regarding vacant positions within defendant organization in California from October 12, 2004 and October 12, 2006, and make that person or those persons available to be deposed on or before October 2, 2009.[2]

SO ORDERED.

DATED: September 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the court stated on the record that defendant shall provide documents responsive to Document Demand No. 29 for the time period of October 12, 2004 to October 12, 2006, because the document demand only requests documents for the time period of October 12, 2004 to June 1, 2006, defendant is only required to produce responsive documents based on the time period of October 12, 2004 to June 1, 2006.

[2] If the parties are unable to complete the deposition(s) by October 2, 2009, they may agree to continue the deposition(s) beyond that date, but only if the parties obtain a modification of the scheduling order from the district judge. This court has no authority to continue discovery beyond the deadline of October 2, 2009 set forth in that order. *See* Dckt. No. 85.