UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES TIMMONS, | 2:05-cv-2175-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED PARCEL SERVICE, INC.; DOES 1 through 20, inclusive, | |
| Defendants. | |

Presently before the Court is an Ex Parte Application, filed on behalf of Plaintiff Charles Timmons ("Plaintiff") for modification of the Court's Amended Pretrial Scheduling Order ("PTSO"), filed July 7, 2009, and the Court's subsequent October 1, 2009 Order, which authorized an additional extension for completing certain limited discovery by October 30, 2009.

1

1    After this case was remanded to this Court by the Ninth
2 Circuit Court of Appeals on or about March 5, 2009, and after the
3 parties submitted an additional Joint Status Report concerning
4 the present status of the matter, the Court issued its Amended
5 PTSO on July 7, 2009, which authorized a limited period of
6 additional discovery, through and including October 2, 2009.  Of
7 note is the fact that it was Plaintiff who opposed any reopening
8 of discovery, as opposed to Defendant UPS, which sought
9 additional discovery to update information previously received
10 before this case went up on appeal.
11    In accordance with the Amended PTSO, Plaintiff did
12 immediately notice the deposition of the person most knowledge
13 concerning vacant positions within Defendant UPS' California
14 organization between October 12, 2004 and October 12, 2006, and
15 further propounded a third set of document production requests.
16 Plaintiffs ultimately filed a Motion to Compel with respect to
17 that discovery, as a result of which the assigned magistrate
18 judge issued an Order filed September 23, 2009 granting in party
19 and denying in part Plaintiff's requests.  In order to afford the
20 parties additional time to accomplish completion as to that
21 discovery, only, the Court issued an Order on October 1, 2009
22 extending the completion date to October 30, 2009 for both items.
23    Plaintiff's counsel now requests an additional extension, to
24 and including December 2, 2009, apparently for the completion of
25 other discovery not even propounded until August 20, 2009, some
26 six weeks after discovery was reopened, as well as any other
27 needed discovery.
28 ///

2

1       This substantial additional discovery, which included
2  additional document production requests, interrogatories, and yet
3  another deposition, runs directly counter to Plaintiff's earlier
4  contention that no additional discovery was needed.
5  Additionally, given the short window of less than three months
6  allocated for any additional discovery, waiting for almost six
7  weeks to propound such discovery does not satisfy the good cause
8  standard that must be satisfied before a Pretrial Scheduling
9  Order can be modified under Federal Rule of Civil Procedure
10 16(b)(4).  Rule 16(b)'s "good cause" standard primarily considers
11 the diligence of the party seeking the amendment.  Rule 16(b)'s
12 'good cause' standard primarily considers the diligence of the
13 party seeking the amendment."  <u>Johnson v. Mammoth Recreations,</u>
14 <u>Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).
15      Plaintiff's Ex Parte Application for Modification of the
16 Pretrial Scheduling Order is accordingly DENIED.  This ruling
17 shall not, however, abrogate any prior agreement by Defendant UPS
18 to voluntarily provide certain additional information to
19 Plaintiff, as set forth in Defendant's Opposition to Plaintiff's
20 Application.
21      IT IS SO ORDERED.

 Dated: October 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE