UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES TIMMONS, | No. 2:05-cv-02175-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS IN LIMINE** |
| UNITED PARCEL SERVICE, INC.; DOES 1 through 20, inclusive, | |
| Defendants. | |

Both Plaintiff and Defendants have filed multiple motions in limine in this case, which was remanded here for further adjudication after the Ninth Circuit reversed this Court's decision granting summary judgment in favor of UPS as to the case in its entirety. The dismissal of Plaintiff's claims for retaliation and age discrimination under the ADA and the FEHA, however, was not disturbed on appeal. Nor was this Court's dismissal of Plaintiff's claim alleging wrongful termination in violation of public policy disturbed.

///

1

Plaintiff's claims for disability discrimination in violation of the ADA and FEHA are the only claims that must now be tried. Consequently the only issue to be adjudicated is whether or not UPS unlawfully failed to accommodate Plaintiff's disability by giving him a job assignment commensurate with his physical limitations.

This Court's written rulings on the parties' in limine requests follow.

## PLAINTIFF'S MOTIONS IN LIMINE

**1.   Exclude Evidence Not Previously Produced in Discovery or in Initial Disclosures. (Denied)**

This Motion is predicated on Plaintiff's claim that UPS' Trial Exhibit List includes documents produced neither in discovery or in Rule 26 disclosures.  Documents cited include Exhibit AA, a statement from Dr. Kirk Granlund regarding Plaintiff's post-knee surgery, Exhibit CC, letter from Liberty Mutual regarding Plaintiff's permanent disability rating, Exhibit DD, Plaintiff's Pension Trust Work History Statement, Exhibit EE, A Statement re: Plaintiff's Pension Payment dated December 1, 2006, and Exhibit FF, another Statement re: Pension Payment dated February 1, 2007.  Plaintiff appears to claim that all these items were previously undisclosed.

///
///
///
///

Plaintiff's position is without merit.  All five of the documents at issue were produced by Plaintiff's own experts, and were included as exhibits to those experts' depositions. Consequently, Plaintiff cannot argue that he knew nothing about the documents before they appeared on UPS' Exhibit List.

Plaintiff's Motion also appears to request that the Court exclude any documents related to UPS' alleged "undue hardship" defense in reasonably accommodating Plaintiff with another delivery vehicle with automatic transmission/power steering, even though no specific documents are targeted for such exclusion. Given the fact that Plaintiff does not identify any actual documents, and by his own admission makes the request as a "precautionary measure", the request appears premature on its face.  UPS also claims to have produced documents concerning its hardship defense in any event.  In addition, UPS identified two witnesses knowledgeable about the defense who it claims were deposed by Plaintiff for a total of seven hours.

**2.  Exclude Evidence and Testimony re: Collateral Source Payments.  (Denied, without Prejudice to Renew During Trial)**

Through this Motion, Plaintiff seeks to prevent UPS from introducing <u>any</u> evidence or testimony concerning payments received by Plaintiff from any collateral source such as worker's compensation, disability insurance, or unemployment.

///
///
///

3

1    The general rule precluding evidence of such payments is
2 well established and rests on the rationale that tortfeasors
3 should not receive a windfall from their own thrift and foresight
4 in having secured insurance and other benefits.  See, e.g.,
5 Arambula v. Wells, 72 Cal. App. 4th 1006, 1009 (2009); Whatley v.
6 Skaggs Co., 707 F.2d 1129, 1138 (10th Cir. 1983).
7    UPS opposes Plaintiff's Motion in two respects.  First, to
8 the extent that Plaintiff received disability benefits from
9 Liberty Mutual, it claims that the collateral source doctrine
10 does not apply because UPS reimbursed Liberty Mutual for 100
11 percent of the disability benefits paid by Liberty to Plaintiff.
12 Decl. of Al Hammermiller, ¶¶ 2-4.  Ninth Circuit authority does
13 support the proposition that if the "source" is not "collateral"
14 to the alleged tortfeasor (in the sense that UPS ultimately paid
15 for the benefits), the rule does not apply since the payments are
16 not in fact from a collateral source.  See McLean v. Runyon, 222
17 F.3d 1150, 1156 (9th Cir. 2000).  Consequently, on the basis of
18 the Hammermiller Declaration, Plaintiff's Motion cannot be
19 granted with respect to the Liberty Mutual disability benefits.
20    Second, UPS points out that the collateral source doctrine
21 is a rule of damages which prohibits certain kinds of payments
22 from being deducted.  UPS argues that it intends to submit
23 evidence that Plaintiff received disability benefits for reasons
24 completely independent from any damages calculation.
25 ///
26 ///
27 ///
28 ///

4

1  Specifically, according to UPS, evidence that Plaintiff was
2  receiving disability based on medical representations that he
3  could not perform the duties attendant to his job (like lifting
4  anything more than 10-20 pounds, or lifting any weight above his
5  shoulders) is relevant to show that he was not a "qualified
6  individual" for purposes of accommodation under FEHA.
7       It is true that the collateral source rule cannot be invoked
8  to bar introduction of evidence regarding benefits when
9  introduced not to show that such benefits were received but
10 rather for another valid purpose.  See, e.g., England v. Reinauer
11 Transp. Co., 194 F.3d 265, 273-74 (1st Cir. 1999).  Here, to the
12 extent that evidence was generated showing that Plaintiff could
13 not meet even the most basic prerequisites for serving as a
14 package driver (apart from the kind of vehicle he was assigned),
15 that evidence is admissible independent of the collateral source
16 doctrine.  Consequently, while the amount of benefits obtained
17 would not be admissible (except with respect to the Liberty
18 Mutual benefits discussed above), it would appear inappropriate
19 to exclude anything pertaining to collateral source given UPS'
20 claim that during the disability benefits application process
21 both Plaintiff and his physicians made certain representations
22 about his condition that would otherwise be relevant.
23      Consequently, based both on the evidence provided concerning
24 the Liberty Mutual payments and the fact that some evidence
25 pertaining to disability benefits may in fact be admissible on
26 other grounds, this Motion is denied as overbroad sweep.
27 ///
28 ///

5

To the extent that issues come up during trial that properly invoke the collateral source doctrine on a more limited basis, however, Plaintiff can renew this Motion.

**3.    Exclude Evidence of Plaintiff's Alleged Discipline in the Early 1990's.  (Granted)**

This Motion is unopposed and will consequently be granted.

**4.    Exclude Evidence of Dismissed Claims.   (Granted)**

This Motion is unopposed and will consequently be granted.

**5.    Exclude Testimony of Witnesses not Listed in Defendant's Initial Disclosure; or Alternatively to Make the Additional Witnesses in Question Available for Deposition. (Denied)**

Through this Motion, Plaintiff seeks to prevent UPS from offering the testimony of any witnesses not properly disclosed. Plaintiff's Motion, however, identifies only two specific witnesses in that regard, Thomas Hitchcock and Jo Pine.

While Plaintiff argues that Hitchcock and Pine were not in UPS' initial Federal Rule of Civil Procedure 26 disclosure made some four years ago, Plaintiff is wrong in contending that they have not been adequately identified since that time. Specifically, they were identified by UPS in a Joint Pretrial Statement filed in August of 2007, and a description of their intended testimony was provided.  See Michalowski Opp. Decl., Ex. L; Docket No. 54)
///

6

1  Moreover, as UPS points out, the identity of Pine and Hitchcock
2  as individuals having knowledge concerning the case was also
3  adduced during the deposition of another witness in August of
4  2006.
5     Since the Court reopened discovery in this matter following
6  the Ninth Circuit's limited reversal and remand in 2009,
7  Plaintiff is hard pressed to credibly argue that he neither had
8  knowledge of Pine and Hitchcock, and had no chance to depose
9  them.  This Motion will therefore be denied.

**DEFENDANT'S MOTIONS IN LIMINE**

    **1.    Exclude Evidence Concerning Claims and Issues Already Adjudicated.  (Granted)**

This Motion was not opposed and will consequently be granted.

    **2.    Exclude Evidence, Argument or Commentary Regarding Positions for Which Plaintiff was not Qualified. (Denied)**

UPS asks the Court through this in limine request to prevent Plaintiff from offering any evidence or argument that certain positions could have been altered to accommodate his physical limitations.  Those positions include jobs as a clerk, a mailroom administrator, a printer operator, a car washer, and so called "Article 22.3" positions that form a full time job from two existing part time positions.

///

7

UPS argues that anything regarding those positions is irrelevant because Plaintiff could not have performed the essential functions of the jobs, which generally include various lifting and pushing tasks.

UPS correctly points out that an employer is not required to "exempt an employee from performing essential functions, nor need it reallocate essential functions to other employees" in order to accommodate a disability. Phelps v. Optima Health, Inc., 251 F.3d 21, 26 (1st Cir. 2001). UPS asks the Court to either exclude evidence about the positions entirely, or to conduct in camera hearings with respect to Plaintiff's qualifications for the positions before any evidence is presented to the jury.

Accepting UPS's argument would require the Court to make factual determinations as to what the essential functions are of the five positions it identifies. Factual issues should, however, be determined by the jury and not the court. "Whether a particular job function is essential is determined on a case-by-case basis." D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1230 (11th Cir. 2005). An employer's judgment as to what constitutes an essential element of any given position is not conclusive, especially if other evidence may suggest a contrary conclusion. See Cripe v. City of San Jose, 261 F.3d 877, 887 (9th Cir. 2001).

Consequently, the issues raised by this Motion are not appropriate for determination by the Court. They go to the very heart of this case, which boiled to its essence revolves around whether Plaintiff could indeed have performed the essential elements of other UPS positions with or without accommodation.

8

These are issues of material fact and not questions of law that are susceptible to determination through an in limine request.

      **3.    Exclude Evidence, Argument, or Commentary Regarding Other Positions at UPS where Plaintiff could have been Placed.   (Denied)**

This Motion seeks to prevent Plaintiff from making any reference to UPS positions where Plaintiff could have been placed only by (a) displacing another employee from his or her position; (b) transferring Plaintiff in violation of the operative collective bargaining agreement; or (c) promoting Plaintiff.

Plaintiff does not dispute that only vacant positions need be considered; therefore, UPS' request that evidence concerning displacement be excluded is appropriate.  The other two areas encompassed by this Motion, however, are more problematic. Whether or not certain transfers would have violated the applicable CBA require factual determinations inappropriate at this juncture.  Even UPS appears to concede, for instance, that a transfer does not run afoul of the CBA in "cases of proven need". Whether or not Plaintiff met that qualification presents a question of fact.

There similarly may be issues of fact with respect to Plaintiff's qualification for management positions, and whether or not transfer to such a position would constitute a promotion. While it is clear that UPS did not have to "promote" Plaintiff as an accommodation, UPS has not established as a matter of law that every "management" job for which Plaintiff may have been qualified necessarily amounts to a promotion.

9

      **4.    Exclude Evidence, Argument, or Commentary Regarding Legal Representation.   (Granted)**

Through this Motion, UPS seeks to prevent Plaintiff from commenting on the fact that UPS' counsel, Paul Hastings, is from San Francisco and is a "big firm" as opposed to Plaintiff counsel's status as a sole practitioner here in Sacramento. UPS claims that any such characterization is both irrelevant and unduly prejudicial under Federal Rule of Evidence ("FRE") 403. The Court agrees.

While Plaintiff, in his opposition, purports to deny any intent to introduce such evidence at trial, he does argue that the issue may be relevant on voir dire in order to ensure that jurors are not unduly swayed by Paul Hastings' ability as a big firm to present a more "polished, glossy or technologically savvy" presentation than Ms. Telfer is able to provide given her more modest resources. Solo practitioners must, however, be held to the same standard as every attorney appearing in this Court. Defendant's Motion will therefore be granted.

      **5.    Exclude Evidence, Argument or Commentary on Plaintiff's Financial Condition and/or Financial Distress. (Denied)**

Through this Motion, UPS seeks to prevent Plaintiff from making any reference to Plaintiff's financial condition or financial distress in the wake of his departure from UPS. UPS argues that such evidence is irrelevant and that the introduction of such evidence would further be unduly prejudicial under FRE 403.

1    Plaintiff, on the other hand, contends that such evidence is
2 extremely relevant to the issue of Plaintiff's compensatory
3 damages, since financial distress as a result of UPS' alleged
4 failure to accommodate Plaintiff (and his corresponding job loss)
5 has a direct bearing on his pain and suffering.
6    UPS' Motion is overbroad and should be denied as such.
7 While the mere fact that Plaintiff is of modest means would not
8 in and of itself be probative for purposes of assessing
9 compensatory damages, any financial distress resulting from UPS'
10 actions would be very relevant.  Consequently this Motion cannot
11 be granted.
12    The Court does note, however, that UPS has requested
13 bifurcation between the liability and damages portions of this
14 trial, and further bifurcate the determination of compensatory
15 from punitive damages.  While bifurcation as to punitive damages
16 is appropriate and will occur, separating the liability and
17 compensatory damages aspect of this matter is not.

**6.   Exclude Evidence, Argument or Commentary on Defendant's Financial Size and/or Financial Condition.  (Granted in Part)**

22    This Motion on its face seeks exclusion of UPS' financial
23 condition for all purposes at trial.  Although in the body of
24 UPS' Motion, the company does indicate that "such evidence does
25 not add anything that would possibly help the jury reach a
26 decision on liability", the relief it requests is nonetheless not
27 limited in that regard.
28 ///

11

1  Plaintiff correctly points out that evidence regarding UPS'
2 size and financial condition is relevant in the event that
3 punitive damages have to be considered. Plaintiff also appears
4 to allude to the fact that UPS' financial condition may be
5 relevant if UPS claims it could not afford to make the needed
6 accommodations for Plaintiff's physical limitations.
7  In its reply, UPS does appear to concede that financial
8 evidence is relevant to punitive damages, but requests
9 bifurcation of any proceedings for the assessment of such
10 damages. UPS goes on to represent that it "does not contend that
11 accommodating Plaintiff's disability would have been too costly".
12 Def.'s Mot., 2:3-4. Given that representation, the Motion will
13 be granted with respect to the liability portion of the case.
14 The Motion must however be denied to the extent it extends to the
15 question of whether punitive damages are appropriate. As
16 indicated above, any determination with respect to punitive
17 damages will be bifurcated.

19  **7.  Exclude Evidence, Argument or Commentary Regarding Defendant's Accommodation or Purported Failure to**
20    **Accommodate Other Employees.  (Granted)**

22  Here UPS asks the Court to exclude any alleged evidence
23 regarding its accommodation, or failure to accommodate, other
24 employees. UPS contends that the accommodation afforded each
25 employee turns on its unique facts, and that therefore such
26 evidence is irrelevant.
27 ///
28 ///

12

1  See Hohider v. UPS, 574 F.3d 169, 197 (3d Cir. 2009) (evidence of
2  whether accommodation can be made is an individualized inquiry
3  that cannot be evaluated on a multiparty basis).  UPS also points
4  out that because an employer's state of mind is not relevant to
5  whether it is liable for failure to accommodate (See Cal. Govt.
6  Code § 12940(m), making it unlawful for an employer to simply
7  "fail to make reasonable accommodations for the known physical or
8  mental disability or an applicant or employee"), its treatment of
9  other employees cannot be found relevant on that basis, either.[1]
10       Even aside from relevance, admission of such evidence would
11 further bring the risk of numerous "trials within a trial" as to
12 the merits of other unrelated accommodation claims.  Such claims
13 would consume unwarranted trial time and would further have the
14 potential of needlessly confusing the jury.  As such they will be
15 excluded under an FRE 403 analysis.

17       **8.   Exclude Evidence, Argument, or Commentary Relating to
              the Thomas Linder's Report or any Conclusions made by
18            Mr. Linder.   (Denied)**

20       This motion seeks to prevent Plaintiff's designated
21 accommodation expert, Thomas Linder, from testifying as a witness
22 on grounds that he did not prepare portions of his report and
23 that he further is not qualified to render expert opinion in any
24 event.

---

[1] While Plaintiff cites cases permitting other instances of conduct to demonstrate animus or hostility towards particular groups and to accordingly prove motive or intent (as authorized by FRE 404(b)), such motive or intent appears to be irrelevant to a disability accommodation claim, where the only issue is whether accommodation was or was not properly afforded.

13

1    UPS takes particular issue with the fact that Plaintiff's
2 attorney, Jill Telfer, suggested that the language employed in
3 Mr. Linder's draft report be changed slightly in order to
4 minimize the risk that it might be subject to exclusion (as a
5 legal conclusion invading the province of the jury) under the
6 rationale employed by the court in Kotla v. Regents of the
7 University of California, 115 Cal. App. 4th 283 (2004).  On a
8 more fundamental basis, however, UPS also contends that the
9 subject matter of Mr. Linder's report is not such that an expert
10 opinion is warranted at all, and claims that his report rests on
11 inadequate facts and data in any event.
12    While Federal Rule of Civil Procedure 26(a)(2)(B) does
13 require that an expert's report be "prepared" by the expert, I am
14 not at all persuaded that Mr. Telfer's suggestion that certain
15 language in the Linder draft report be altered for legal purposes
16 causes the report to run afoul of that requirement.  At most, the
17 discrepancy between his reports is something that can be properly
18 addressed in the course of cross examination.  Similarly, too,
19 the strength of his opinions, and any inaccuracy then contain, is
20 also better left to cross examination than to exclusion under a
21 Daubert/Kumho analysis.  Linder is certainly not unqualified on
22 paper to make an expert opinion.  He has apparently written,
23 implemented and completed over 500 vocational rehabilitation
24 plans for industrially-injured clients, including plans for
25 modified and alternate work with an eye towards accommodation.
26 ///
27 ///
28 ///

14

**9.   Exclude Evidence, Argument, or Commentary Related to Economic Damages.   (Denied)**

This Motion represents an attempt by UPS to exclude any evidence pertaining to economic damages alleged to have accrued (1) after August 12, 2005, when UPS offered Plaintiff another route (the so-called "Nord" route); or alternatively 2) after January 1, 2006, when UPS claims that Plaintiff voluntarily retired.  With respect to the alternative route, UPS claims that Plaintiff cannot seek damages after he was offered the Nord route as an accommodation.  UPS further claims that because Plaintiff intended to retire in any event at the beginning of 2006, and in fact did so, no damages can accrue after that date either.

Plaintiff, however, disputes the validity and significance of both the 2005 and 2006 events, alleging that UPS failed to engage in an interactive dialogue that would have produced a viable work alternative.  Whether or not the Nord route was a reasonable accommodation is a factual issue that should be decided by the jury and not this Court.  Moreover, although Plaintiff does not address the issue squarely in his Opposition, whether or not he would have retired in January of 2006 in any event also involves a weighing of factual issues not appropriate on a motion in limine.

///
///
///
///
///
///

15

**10. Exclude Evidence and Witnesses not Properly Disclosed. (Granted except with respect to witnesses Steve Evans and Ron Relf)**

UPS claims that 15 of the 40 witnesses identified by Plaintiff on May 13, 2010 have never been previously disclosed or identified in discovery. Plaintiff also claims that a videotape of UPS vehicles and certain Teamsters documents (which appear to comprise nearly 2,000 pages) were also not properly disclosed and consequently must also be excluded. UPS claims that as a result of Plaintiff's failure to disclose these witnesses and evidence, it has been deprived of the ability to depose the proposed witnesses and conduct any additional discovery that may have been indicated. UPS alleges it would therefore be prejudiced if Plaintiff is allowed to offer the witnesses and/or documents at trial.

As discussed at the time of the Final Pretrial Conference in this matter on June 10, 2010, in fact witnesses Steve Evans and Ron Relf were identified in earlier disclosures made by Plaintiff during the course of this case. Consequently Defendant cannot contend they it was denied the opportunity to depose those individuals. UPS' Motion will otherwise, however, be granted.

IT IS SO ORDERED.

Dated: June 14, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE